KNOWLES, District Judge.
In this case complainant brought a ■ suit for infringement of letters patent No. 530,940, granted December 18, 1894, to John F. Golding, for certain improvements in partitions for buildings. Complainant claims to be the owner of said patent by assignment from Golding, the patentee.
The allegations of the bill are that the defendants, knowing complainant’s rights, previous to the commencement of this suit, at Helena, in the district of Montana, and elsewhere, without the license of the complainant, and against its will and protest, did unlawfully and wrongfully make or cause to be made, use or cause to be used, vend or cause to be vended, partitions for buildings embodying the inventions and improvements patented by said letters patent, and still con *650 tinue and threaten to continue so to do, in violation of complainant’s rights. It is further set forth that the defendants, before and at the time of committing said acts of infringement, had notice of complainant’s rights in the premises, in that they were infringing thereon, and had been requested to desist therefrom, but, notwithstanding such notice and request, the defendants still continue such unlawful acts and infringement, and have caused complainant great damage, and deprived it. of great gains and profits which it might and otherwise would have obtained and received. It is further alleged that the defendants have made and realized large profits and advantages from the using, making, and vending of said patented invention. An injunction is also prayed for, and an accounting for the profits, etc., is also asked.
To this bill the defendants have filed two separate pleas. In the first of these pleas it is set forth that they do plead and aver that the defendants J. K. Toole, Elizur Beach, J. M. Fox, A. D. Peck, and T. E. Greenough are, and since on or about the 1st day of January, 1901, have been, members of the state capítol commission of the state of Montana, and that the defendant J. K. Toole is the Governor of the state of Montana, and as such is a member of the said state capítol commission; that the defendant Robert B. Smith was the Governor of the state of Montana for a period of four years next preceding the 1st day of January, 1901, and as such was ex officio a member of the said state capítol commission, and that David E.-Folsom was at some period between the 4th day of March, 1897, and the 1st' day of January, 1901, a member of the said state capítol commission; that under the laws of the state of Montana the said state capítol commission was charged with the duty of entering into a contract in their official capacity, on behalf of the state of Montana, for the construction of a state capítol building for the state of Montana at the city of Helena, in said state, and that, while the said defendants Robert B. Smith and David E. Folsom were members of the said state capítol commission, the said state capítol commission entered into a contract with the Montana Building Company, a corporation created under the laws of the state of Montana, for the erection and construction of such capítol building, in which said contract it was provided that the Golding system of fireproofing partitions should be used in the construction of the partitions in said capítol building, which said system, as these defendants are informed, the complainant claims, embraces the improvements alleged by it to have been patented to one John F. Golding, and which patent it claims to have been assigned and transferred to it (the complainant). Defendants further aver that thereafter the said defendants Robert B. Smith and David E. Folsom had ceased to be members of the said state capítol commission, and, while said commission was composed of the other defendants above named, the partitions now in the said state capítol building were placed therein by the said Montana Building Company under its contract with the said state capítol commission, and that, save as hereinabove set forth, the defendants never used or attempted to use, or made or caused to be made, or vended or caused to be vended, any partitions for buildings em-. bracing any invention or improvements patented by the said letters patent referred to in the complainant’s bill herein, and, save as the said *651 partitions in the said capitol building may embody the inventions and improvements claimed to have been patented to the said John F. Golding, the patent for which is claimed to have been assigned to complainant, the defendants neither continue nor threaten to continue to make or cause to be made, use or cause to be used, vend or cause to be vended, any partitions for buildings embodying the inventions or improvements referred to in the said bill of complaint. In this plea it is further set forth that the construction of the said'partitions in the said state capitol building of the state of Montana constitutes, and alone constitutes, the alleged wrongful acts charged against the defendants in the bill of complaint, and that all acts done by the said defendants, or any of them, concerning the invention or improvements referred to in the bill of complaint, were done by them as members of the said board of capítol commissioners, and as officers of the state of Montana, and that by reason of such fact this court has no jurisdiction of the subject-matter of this action. In their second plea, defendants set forth and aver that all the facts set forth in the above first plea of the defendants are true; and the defendants by this reference make the said plea a part of this, their second plea, and in addition thereto aver that by reason of the facts therein set forth the complainant has a complete and adequate remedy at law, wherefore this court of equity has no jurisdiction of the subject of the action.
Complainant did not demur to these pleas, but had them set down for argument, and this is the proper practice. Farley v. Kittson, 120 U. S. 314, 7 Sup. Ct. 534, 30 L. Ed. 684. The effect of this is to admit the truth of the allegations of fact in the plea, but to deny their legal sufficiency. A plea usually is employed to state facts dehors the bill, and not in response thereto. That is the mode of proceeding resorted to in this case.
Defendants set forth that, as the state capital commission of the state of Montana, they made a contract for the construction of a building to be used as the capitol of the state. The contract was made with the Montana Building Company. In this contract it was provided that the Golding system of fireproofing partitions should be used. There was no provision, either express or implied, that it should be used unlawfully, or otherwise than with the full knowledge, consent, and approbation of the owners of the patent, or their assignees. In the making of this contract the defendants were acting in their official capacity as officers of the state of Montana, for and 'on its behalf alone, and not as private individuals, in their own private interest. They were acting as public officers of the state in the discharge and performance of a duty imposed upon them by the law of the state, the validity of which was never doubted or ever drawn in question. How it can be held, under these circumstances, that they would or could be individually liable because the contractor failed to procure the proper license for the lawful use of this system of fireproofing partitions, is beyond my comprehension. The same reasoning, followed to its logical conclusion, would make them individually liable for the value ' of the building material used in the construction of the building, in the event that the same had been fraudulently obtained by the contractor.
*652 In the case of James v. Campbell, 104 U. S. 359, 26 L. Ed. 786, the Supreme Court, in an action brought against an individual for the unlawful use of a patented canceling stamp, said:
“The course adopted in the present case, of instituting an action against a public officer, who acts only for and in behalf of the government, is open to serious objections. We doubt very much whether such an action can be sustained. It is substantially a suit against the United States itself, which cannot be maintained under the guise of a suit against its officers and agents, except in the manner provided by law.”
The defendants set forth that they have not manufactured, used, or sold anything covered by complainant’s invention. Under such circumstances, I hold that defendants are not liable. The bill being also for an injunction and an accounting for the alleged profits, and the defendants’ plea being good and sufficient as t.o a denial of manufacture, use, and sale of the invention, it falls within the rule laid down in Belknap v. Schild, 161 U. S. 11, 16 Sup. Ct. 443, 40 L. Ed. 599.
Complainant, in support of its contention, has cited some authorities which it is claimed are in point as to its right to maintain this suit in its present form. Tindal v. Wesley, 167 U. S. 221, 17 Sup. Ct. 770, 42 L. Ed. 137, was an action to recover the possession of real property in the possession of the defendant, who was sued in his private capacity and as an individual. Smith v. Reeves, 178 U. S. 439, 20 Sup. Ct. 919, 44 L. Ed. 1140, was a suit against the State Treasurer of the state of California, in his official capacity; and the Supreme Court held that this was, in effect, a suit against the state itself, and could not be maintained, and made a clear distinction between it and a case like that of Tindal v. Wesley, supra. U. S. v. Lee, 106 U. S. 196, 1 Sup. Ct. 240, 27 L. Ed. 171, was a case where it is held that one holding possession of property for the United States can be sued for the purpose of determining the rights to the same. Forehand v. Porter (C. C.) 15 Fed. 259, only decides that an action in equity may lie as against a public official who unauthorizedly makes use of a patented invention solely in the service of the government, and is not in point here. The defendants allege, and it is admitted, that they have made no personal use whatever of complainant’s invention. Walker on Patents maintains no doctrine different from this.
The patented partitions described in the bill are in the possession of the state government of Montana. It is using and enjoying the same. While it may not be in the power of the complainant to sue the state government, it may appeal to that state government, through the Legislature, for proper relief, but, in my judgment, should not seek to make the members of a state board or commission individually responsible for damages when it appears that they' have committed no wrong.
The pleas of the defendants are sustained.